**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| URIYAH REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-CV-763 JMB |
| | ) | |
| JOSEPH SHOWMAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented plaintiff Uriyah Reed, a pretrial detainee housed at the Metropolitan St. Louis Psychiatric Center, initiated this action on June 12, 2023 pursuant to 42 U.S.C. § 1983 against five employees of the St. Louis County Jail in their official and individual capacities. ECF No. 1. Plaintiff alleged, between January of 2022 and October of 2022, four of the defendants "violated [his] federally protected right to eat on multiple occasions, on different days" when they denied him meals. As to the fifth defendant, plaintiff asserted she denied him breakfast on one occasion. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2.

On July 26, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and granted his motion to proceed *in forma pauperis*. ECF No. 6. The Court determined, however, that his claims against defendants were subject to dismissal. The official capacity claims would not survive initial review because a suit against a public employee is merely a suit against his employer, and a county jail is not a suable entity under 42 U.S.C. § 1983. As to plaintiff's individual capacity claims, the Court explained he did not provide enough facts to support his allegations. For example, it was not clear from the complaint whether plaintiff was regularly

denied meals over consecutive days and, if so, how many consecutive days he was without food.

In consideration of plaintiff's self-represented status, the Court directed him to file an amended complaint to cure his pleading deficiencies. Plaintiff was mailed the appropriate Court-form and provided specific instructions on how to submit his amendment. He was warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice. Plaintiff had thirty (30) days, or until August 25, 2023, to file an amended complaint.

As of the date of this Memorandum and Order, plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's July 26, 2023 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

2

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of September, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE